JUAN ARCE-REICES, Plaintiff and Appellee, *v.* AMERICAN RAILROAD Co., Defendant and Appellant.

No. 4470. Argued May 3, 1928.—Decided May 31, 1928.

*M. Acosta Velarde* for the appellant. *B. Esteves* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The complainant obtained judgment against the defendant by default. The latter came into court and moved for a new trial and also that the judgment be set aside under the provisions of section 140 of the Code of Civil Procedure. The District Court of Aguadilla refused to accede to the motion for a new trial but set aside the judgment by virtue of said section 140, *supra*. However, in using its discretion to set aside the judgment the court did so conditionally. The condition was that the defendant pay into the court at the disposition of the attorney for the complainant the sum of $200 to cover the costs and fees incurred by the complainant. From that part of the order imposing the payment of $200 the defendant appealed.

The appellee did not appear at the hearing. From the oral argument and the brief of the appellant we are pretty well satisfied that the defendant was not duly advised of the setting of the case for trial and that from the practice of the courts generally, if not from the law, the case was not properly set down for hearing. In other words, that there was no due calling of the calendar at the beginning of the term at which the case was set for hearing. We accept the statement of counsel that the practice of the courts generally, including the District Court of Aguadilla, is to call the calendar at the beginning of the term. The court's term ran through June and July. The case was tried at the end of July and it was set for hearing after June had passed. It is shown further under the oath of counsel that the secretary of the District Court of Aguadilla had no book or calendar from which an attorney could discover the settings. The court in its opinion said that on the 30th day of June it ren-

dered an order in open court fixing July 5th as a day for the request for settings and July 9th for the actual settings. The court concedes that this order was not noted by the secretary, but that it appeared in the stenographer's notes.

Under the ancient idea that an attorney as an officer of the court is presumed always to be present perhaps an argument could be made for the action of the court. An attorney is bound to know and find out the orders of the court when made of record. We are extremely doubtful whether any proper record was made in this case. If there was no record and the attorney shows that he was not present, he is not bound by an oral order. Attorneys are admitted by this court and have a right to practice in any court of the Island. While they can obtain no advantage by living out of the jurisdiction of a particular court (*Mas* v. *Borinquen Sugar Co.*, 18 P.R.R. 299, 304) nevertheless, if away, their clients are only bound by matters made of record or perhaps cases where the party is constructively present. In other words, the presumption has become controvertible and was overcome in this case. It should be noted that some of the reasoning might perhaps apply to a local practitioner who was not actually present in court when the oral order was made.

We shall not give any great amount of attention to the strictly legal aspects of the case, because we think there was an abuse of discretion. Where a case is set in this informal way and at best a dubious record made thereof a judgment by default should be set aside unconditionally. The imposition of costs was an abuse of discretion.

In the case of *Monllor & Co.* v. *Hutchison*, 18 P.R.R. 860, this court decided that in setting aside a judgment a district court had a right to do so upon conditions, but a review of the facts has convinced us that we have said that the authority in this case was improperly exercised.

If the court in a due case had so imposed a condition, we would find no irregularity in requiring the deposit to be

made in court at the disposition of the attorney for the complainant.

The order will be reversed in so far as it imposes costs and fees on the defendant and the case reopened unconditionally.